

**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL GOMEZ-SANCHEZ**
Labor and Employment Law Division
phone: 212-788-0883
fax: 212-788-0940
email: dgomez@law.nyc.gov

July 20, 2012

**BY ECF**
Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

    Re: <u>Forgione v. City of New York, et al.</u>
      No. 11 CV 5248 (JG) (MDG)

Dear Judge Gleeson:

  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York, Deputy Inspector Kavanagh, and Dr. Lea Dann (incorrectly sued herein as "Dr. Dane") in the above-referenced action.

  I write to provide the Court with the Second Circuit case law governing the consideration of extraneous documents not attached to the complaint—in this case, the collective bargaining agreement applicable to Captains in New York City Police Department—on a motion to dismiss. "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint". See <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) (citing to <u>International Audiotext Network, Inc. v. American Telephone and Telegraph Company</u>, 62 F.3d 69 (2d Cir. 1995)) (court resolving motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action).

- 2 -

      In this instance, the Court may take judicial notice of the collective bargaining agreement, especially since plaintiff does not dispute its applicability.  See Nakahata v. New York-Presbyterian Healthcare Sys., Nos. 10 Civ. 2661 (PAC),10 Civ. 2662 (PAC),10 Civ. 2683 (PAC),10 Civ. 3247 (PAC), 2011 U.S. Dist. LEXIS 8585, at *17 n.9 ("Although the collective bargaining agreement was not attached to the Complaint, the Court takes judicial notice of its existence."); see also Gonzales v. Nat'l Westminster Bank PLC, No. 11-cv-1435 (BSJ), 2012 U.S. Dist. LEXIS 42781, at *4 n.2 (S.D.N.Y. Mar. 6, 2012).

      I thank the Court for its courtesies in allowing this submission.

      Respectfully submitted,

      /s/

      Daniel Gomez-Sanchez
      Assistant Corporation Counsel

cc:    Cronin & Byczek, LLP (by ECF)
      Attorneys for Plaintiff
      1983 Marcus Avenue, Suite C120
      Lake Success, NY 11042
      (516) 358-1700
      lcronin@cblawyers.net

      Honorable Ramon E. Reyes, Jr. (by ECF)
      United States Magistrate Judge
      United States District Court
      Eastern District of New York
      225 Cadman Plaza
      Brooklyn, NY 11201